UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RYAN S. DORR,

Plaintiff,

v.

STATE OF NEVADA, et al.,

Defendants.

Case No. 2:26-cv-02323-ART-EJY

**ORDER**
**and**
**REPORT and RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint by an Inmate. ECF Nos. 1, 1-1. Plaintiff's IFP is granted below. For the reasons explained, the Court recommends Plaintiff's Complaint be dismissed in part with prejudice and in part without prejudice but without leave to amend.

## I. Screening Standard

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere

labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Discussion**

Plaintiff named the State of Nevada, the Clark County District Attorney, Judge Amy Wilson, and his counsel Joseph Gersten as Defendants in this action.

a. <u>The State of Nevada is Immune from Suit</u>.

Plaintiff can raise no 42 U.S.C. § 1983 claims against the State of Nevada as Eleventh Amendment sovereign immunity bars such actions. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of Section 1983); *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment

immunity). Because the law is clear, and the State of Nevada is immune from a Section 1983 suit, the Court recommends dismissal with prejudice of all claims asserted by Plaintiff against the State.

b. The Clark County District Attorney is Immune from Suit under Section 1983.

"Prosecutors are absolutely immune from civil suits for damages under Section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions." *Knight v. Las Vegas Det. Ctr.*, Case No. 2:08-CV-00308-RCJ-GWF, 2009 WL 3075359, at *3 (D. Nev. Sept. 22, 2009), *citing Imbler v. Pachtman*, 424 U.S. 409 (1976). Each and all of Plaintiff's allegations relate solely to the initiation and presentation of his criminal prosecution. ECF No. 1-1 at 2-5. Thus, Plaintiff's claims against the Clark County District Attorney fail as a matter of law and must be dismissed with prejudice.

c. Judge Amy Wilson is Entitled to Immunity from Suit.

The Ninth Circuit is clear that "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). In fact, judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner,* 474 U.S. 193 (1985) (quoting *Bradley v. Fisher,* 80 U.S. 335 (13 Wall.) at 347 (1872)). The factors relevant when determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman,* 435 U.S. 349, 362 (1978).

As stated above, each and all of Plaintiff's claims arise solely from criminal proceedings in the Nevada State Court and what he contends was ineffective assistance of counsel (discussed below), competency proceedings, evidence demonstrating he acted in self-defense, and his alleged prolonged incarceration. ECF No. 1-1 at 2, 4-5. Plaintiff alleges nothing that would support any act taken by Judge Wilson was outside her jurisdiction or functions she would normally perform as a judge. The Court recommends Plaintiff's claims against Judge Wilson be dismissed with prejudice.

d. Plaintiff's Claims Against his Court Appointed Counsel Must Proceed through a Habeas Corpus Petition.

Criminal defense attorneys, including public defenders, are considered private parties who do not act under color of state law. *Polk County v. Dodson,* 454 U.S. 312, 317-18 (1981); *West v. Atkins,* 487 U.S. 42 (1988) (when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of 42 U.S.C. § 1983 because he/she is not acting on behalf of the state, but as the state's adversary). Further, U.S. Supreme Court precedent establishes an ineffective assistance of counsel claim under the Sixth Amendment must be brought first through a direct appeal and then through a post-conviction habeas corpus petition, not a Section 1983 action. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).

The Court finds Plaintiff's Sixth Amendment ineffective assistance of counsel claim asserted against his counsel, Joseph Gersten, must proceed through an appeal and then a habeas petition. Plaintiff cannot proceed on a Sixth Amendment claim against Mr. Gersten through a 42 U.S.C. § 1983 action. Thus, the Court recommends this claim be dismissed without prejudice, but without leave to amend as Plaintiff may be able to pursue an appeal and then a habeas petition asserting this claim.

## III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

## IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claims against the State of Nevada, Clark County District Attorney's Office, and Judge Amy Wilson be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Sixth Amendment, ineffective assistance of counsel claim be dismissed without prejudice, but without leave to amend in this action.

The dismissal without prejudice allows Plaintiff to pursue his allegations of a Sixth Amendment violation through an appeal and subsequent habeas petition if he so chooses.

Dated this 31st day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).