UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RYAN S. DORR,

Plaintiff,

v.

STATE OF NEVADA, et al.,

Defendants.

Case No. 2:26-CV-02323-ART-EJY

ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 3)

Plaintiff Ryan S. Dorr brings this civil rights action against the State of Nevada, the Clark County District Attorney, Judge Amy Wilson, and his counsel Joseph Gersten. (ECF No. 1, 1-1.) Before the Court is Magistrate Judge Youchah's report and recommendation ("R&R") recommending Plaintiff's Complaint be dismissed in part with prejudice and in part without prejudice and without leave to amend. (ECF No. 4.)

Magistrate judges are empowered to issue reports and recommendations on dispositive issues, which district judges may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1)(C). Where, as here, neither party objects to a magistrate judge's recommendation, the district court is not required to perform any review of that judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The Court agrees with Judge Youchah's reasoning and adopts her R&R in full. The State of Nevada is immune from suit under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not person for purposes of Section 1983); NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity). The Clark County District Attorney is also immune from suit under section 1983, because "prosecutors are absolutely immune from civil suits for damages under section

1983 that challenge activities related to the initiation and presentation of criminal prosecutions." *Knight v. Las Vegas Det. Ctr.*, Case No. 2:08-cv-00308-RCJ-GWF, 2009 WL 3075359, at *3 (D. Nev. Sept. 22, 2009) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976). All of Plaintiff's allegations are related to the initiation and presentation of his criminal prosecution. (ECF No. 1-1 at 2-5.) Judge Amy Wilson is also immune from suit as a judge, because "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 86 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

Finally, Plaintiff's claims against his court-appointed counsel must proceed through a habeas corpus petition. An ineffective assistance of counsel claim under the Sixth Amendment must be brought first through a direct appeal and then through a post-conviction habeas corpus petition, not a section 1983 action. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

## I. Conclusion

It is therefore ordered that Judge Youchah's report and recommendation (ECF No. 3) is ADOPTED in full.

It is further ordered that Plaintiff's claims against the State of Nevada, Clark County District Attorney's Office, and Judge Amy Wilson be DISMISSED WITH PREJUDICE.

It is further ordered that Plaintiff's Sixth Amendment ineffective assistance of counsel claim be DISMISSED WITHOUT PREJUDICE, but WITHOUT LEAVE TO AMEND in this action so he may pursue his allegations of a Sixth Amendment violation through an appeal and subsequent habeas petition if he so chooses.

The Clerk is kindly directed to enter judgement and CLOSE this case.

//

//

//

//

DATED: August 27, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE